IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON B. COPPOCK                                          PETITIONER

v.                          CASE NO. 4:18-cv-00404 JM-JTK

TIM RYALS, *Sheriff*, Faulkner County
Detention Center                                         RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## Introduction

Before the Court is the petition for writ of habeas corpus filed by Jason Coppock on June 15, 2018.[1]  Petitioner states he has a pending criminal case in Faulkner County (Conway), Arkansas, and that he is being denied the right to a fast a speedy trial in violation of the due process.  He states a Motion for Speedy Trial was filed in October 2017, with ruling by the state court.  He also argues that he is being denied the constitutional right to life and liberty due to an excessive $250,000 bail.  Third, he claims he has been denied effective

---

[1]Because Petitioner challenges his pretrial detention on pending charges, his Petition is construed as requesting relief pursuant to § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial [habeas] petitions are properly brought under § 2241 regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

assistance of counsel throughout all pretrial proceedings.  He seeks this Court to issue an

Order to Show Cause upon Respondent to account for the long court delays and excessive

bail.[2]

For the reasons discussed below, the Court recommends that the Petition be dismissed

without prejudice.  *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of

a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the

petitioner is not entitled to relief[.]"

## Discussion

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t]

the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), "thereby

affording those courts the first opportunity to address and correct" alleged violations of a

prisoner's federal constitutional rights.  *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011).

State remedies are not exhausted if a petitioner "has the right under the law of the State to

---

[2]A review of the Administrative Office of the Courts CourtConnect website,
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_main.cp_main_idx,
indicates that Coppock was charged by criminal information on April 12, 2017, with thirty (30)
counts of distributing/possessing or viewing matter depicting sexual explicit conduct involving a
child in violation of Ark. Code Ann. § 5-27-602.  A warrant was issued on April 12, 2017, and
served on April 17, 2017. The Court declared him indigent and appointed a public defender. The
Court set bail at $250,000. Counsel filed a Motion for a Fitness to Proceed examination in
October 2017, which the court granted. The results of that fitness examination were filed with
the court on May 29, 2018, determining Coppock was capable of understanding the proceedings
against him and had the capacity to assist effectively in his own defense. Defense counsel, on
July 18, 2018, requested a continuance of the scheduled July 20, 2018, hearing, for additional
time to discuss plea negotiations and the State's offer with Defendant, and Defendant at that time
affirmed in his motion the speedy trial waiver attributable to the continuance at the State's
request.  The next pre-trial hearing is set for September 5, 2018, at 9:00 a.m. per the state court's
Scheduling Order. It is noted there that speedy trial is charged to Coppock due to his waiver.

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement applies to § 2241 habeas petitions challenging a pending state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Thus, this habeas action should be dismissed, without prejudice.

### Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus (DE #1) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

SO ORDERED this 30th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE